**UNITED STATES of America,**
**Appellee,**

v.

**Todd O'BRIEN, Defendant–Appellant.**

No. 08–1354–cr.

United States Court of Appeals,
Second Circuit.

Dec. 22, 2008.

Terence L. Kindlon, Kindlon Shanks & Associates, Albany, NY, for Appellant.

Andrew T. Baxter, Acting United States Attorney for the Northern District of New York, Steven D. Clymer, Thomas Spina, Jr., Assistant United States Attorneys, Syracuse, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

On May 3, 2006, a federal grand jury indicted defendant Todd O'Brien for the possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & 2256(8). On October 12, 2006, O'Brien moved to suppress evidence gathered by the police during the course of their investigation. After holding an evidentiary hearing, and by opinion and order dated August 1, 2007, the United States District Court for the Northern District of New York (Gary Sharpe, *Judge*) denied the motion in its entirety. *See United States v. O'Brien,* 498 F.Supp.2d 520 (N.D.N.Y. 2007). On November 2, 2007, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, O'Brien entered a conditional guilty plea to the sole count of the indictment. On February 26, 2008, the court sentenced him to 27 months of imprisonment, followed by three years of supervised release, and ordered that the computers seized from his residence be forfeited.

O'Brien now appeals, contending that the court erred in failing to suppress certain evidence. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

■ O'Brien first argues that the court erred to the extent that it denied suppression of the Gateway computer seized during the initial consent search of O'Brien's room. But as the court correctly noted, the police officers were lawfully present in O'Brien's room, the computer was in plain view, and, based on the information known to them at the time, the officers had probable cause to seize the computer. *See O'Brien,* 498 F.Supp.2d at 545.

■ O'Brien next argues that the court erred to the extent that it denied suppression of a zip drive seized pursuant to a subsequent warranted search. But the warrant was supported by substantial untainted evidence, *see id.* at 543, and the district court did not clearly err in finding by a preponderance of the evidence that any error by the police "did not result in the government obtaining evidence it would not otherwise have obtained." *See United States v. Johnson,* 994 F.2d 980, 987 (2d Cir.1993).

For the foregoing reasons, the judgment is AFFIRMED.